Fboessel, J. (dissenting).
I dissent and vote to reverse and reinstate the order of Special Term. For the reasons hereinafter stated, it seems clear to me that the power to appoint rests only in the Board of Supervisors, which must, however, exercise such power within the statutory limitation that the appointee must be recommended by the party Chairman. The attempt to appoint Weiss was, therefore, a nullity and a violation of the constitutional and statutory scheme for a truly bipartisan Election Commission.
Petitioner, as is any citizen, is a legitimate party in interest, since the public interest is involved and interference with the regular, constitutional and statutory election processes is clearly *383 taking place. In these circumstances it was an abuse of discretion to deny relief to petitioner. Quo warranto does not seem to be in order, since there are no rival claimants to the office. Moreover, Weiss does not claim office under color of right since his appointment was on its face violative of statute.
The argument that there was no alternative to the action taken by the board is without substance, since the party Chairman id making the statutory recommendation is performing a public duty. Accordingly, he too can be compelled to carry out such duty. If he, by his refusal to recommend any other person, is frustrating the process of appointment in an arbitrary and capricious manner, he may be compelled to perform his statutory duty properly. If, on the other hand, the board should continue to reject additional recommendations, it may be held to be arbitrary. It cannot, however, disregard the plain provisions of law and make appointments as it sees fit. The public interest requires that such illegal procedure be disapproved.
Judges Dye, Fuld and Yak Yoorhis concur with Judge Desmokd ; Judge Froessel dissents in an opinion in which Chief Judge Cokway and Judge Burke concur.
Order affirmed, without costs, upon the ground that the Appellate Division acted within its discretion when it dismissed this petition (see Matter of Andresen v. Rice, 277 N. Y. 271, 282). We pass upon no other question.